**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-380C
(Filed: May 14, 2014)

**FILED**

MAY 1 4 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DEAN A. COCHRUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

In this case, plaintiff Dean A. Cochrun ("Mr. Cochrun") alleges that the South Dakota Department of Social Services, acting under the authority of the United States Department of Health and Human Services, has violated state and federal kidnapping statutes by removing his three children from his care without the proper showing. Mr. Cochrun further alleges that he and his wife, Jamie Lynn Cochrun, have been falsely arrested and imprisoned as an act of retaliation.

Mr. Cochrun alleges that "Jurisdiction comes under the Federal Tort Claims Act and all pertinent parts inclusive therein. This statement of Jurisdiction includes but is not limited to 28 U.S.C. §§ 2674 and 1402 (b) as this is the place where the Act giving rise to the Claims took place and where the Parties reside." Compl. at 1, ECF No. 1.

Jurisdiction is a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In so determining, the court may consider the issue of jurisdiction sua sponte. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In considering a case brought by a pro se plaintiff, the court holds "the pleading 'to less stringent standards than formal pleadings drafted by lawyers.'" Johnson v. United States, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Despite this permissive standard, a pro se plaintiff must still satisfy the court's

jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd 98 F. App'x 860 (Fed. Cir. 2004).

This court is granted jurisdiction by 28 U.S.C. § 1491, which states, in relevant part, that this court does not have jurisdiction over claims involving torts:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added). In this case, the complaint plainly states that it derives jurisdiction from the Federal Tort Claims Act, meaning that the case sounds in tort and is outside the jurisdiction of this court. Moreover, Congress has granted exclusive jurisdiction over such cases to the United States District Courts. 28 U.S.C. § 1346(b)(1). As a result, the complaint is hereby **DISMISSED** without prejudice. The clerk is directed to enter judgment accordingly.[1]

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[1] Plaintiff has also filed a motion to proceed in forma pauperis, ECF No. 2, and a motion for appointment of counsel, ECF No. 3. The court **GRANTS** plaintiff leave to proceed in forma pauperis. As the case is dismissed, the motion for appointment is **MOOT**.